LEMMON, Judge
(concurring specially).
I agree that an unsigned bond is no security at all. Ballentine’s Law Dictionary defines a bond as “an obligation in writing which binds a signatory to pay a sum certain upon the happening of an event.” (Emphasis supplied.) While the principal is bound simply by his attorney’s filing an authorized appeal, the surety is not bound at all until he executes the bond.
I disagree, however, with the long line of jurisprudence that interprets C.C.P. art. 2087 to hold that failure to furnish “the security therefor” within the delay for filing a devolutive appeal is a “jurisdictional” defect.
C.C.P. art. 2087 provides that a devolu-tive appeal may be taken within 90 days. Of course, if no appeal is taken within the prescribed period, the judgment of the trial court becomes definitive and is no longer subject to reversal or modification. C.C.P. art. 1842; C.C.P. art. 3556(31). C.C.P. art. 2087 further provides that the security therefor may be furnished within 90 days, but jurisprudential interpretation has held that the security must be furnished within 90 days in order to prevent the trial court judgment from becoming definitive. In my opinion this interpretation is unnecessary to accomplish the purpose of the statute which prescribes appellate delays.
In order to provide for finality of litigation there must be a time limit within which to file a notice of appeal. This notice provides “jurisdiction” to the appellate court. But I see no reason why the appellate court should be concerned with security in connection with the appeal; this is the concern of the appellee or the clerk whose duty it is to prepare the appeal and collect the costs.
*869 C.C.P. art. 2087 can reasonably be interpreted to simply provide a due date for the security. If the security is not filed by the due date, the appellate court may dismiss the appeal or impose any other order appropriate to the situation.[1] Present interpretation, however, requires us t'o dismiss an appeal such as the one in this case, even though the appellant timely filed his appeal and apparently obtained the ordered security, but through oversight failed to obtain the signature of the surety on the bond.
The Federal decisions interpreting Rule 73 (the source of many of our codal articles on appellate procedure) are preferable.[2] Once a notice of appeal is properly filed, further steps are not jurisdictional. Dismissal may result if the security (which is due at the time of noticing the appeal) is not filed timely, but this result does not necessarily follow, and appropriate action is within the discretion of the appellate court which may take all factors into consideration. This procedure recognizes the maxim that appeals are favored, but leaves it to the appellee or the clerk to insure that security is properly furnished. In contrast, we have the present case, in which the clerk was paid and the appellee was apparently unconcerned with the security, but the timely noticed appeal must be dismissed.

. This interpretation is consistent with C.C.P. art. 2121, in the chapter prescribing the procedure for appealing, which provides that “an appeal is taken by obtaining an order therefor, with the delay allowed, from the court which rendered the judgment.”
C.C.P. art. 2088 provides that jurisdiction of the trial court is divested upon the timely filing of the bond. Jurisdiction in that sense, however, reasonably means “which court” has authority to handle matters reviewable under the appeal and does not necessarily prescribe the time within which the appellant must file the bond or suffer the loss of his right to appeal.

. See 3A Barron & Holtzoff, Federal Practice and Procedure, §§ 1556, 1560 (1958).